Garron M. Hobson, Utah Bar No. 7889
Jed H. Hansen, Utah Bar No. 10679
Jared K. Hill, Utah Bar No. 12553
THORPE NORTH & WESTERN
8180 South 700 East, Suite 350
Sandy, Utah  84070-0562
Telephone: (801) 566-6633
Facsimile: (801) 566-0753

*Attorneys for Plaintiff, Audio Systems Group*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AUDIO SYSTEMS GROUP, a Utah Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>AMPLIVOX SOUND SYSTEMS, LLC, an Illinois Limited Liability Company,<br><br>    Defendant. | Case No.  2:10-cv-00877-DN<br><br>**COMPLAINT<br>WITH JURY DEMAND** |

Plaintiff, Audio Systems Group (hereinafter "Audio Systems") by and through its counsel hereby files this Complaint against Defendant, AmpliVox Sound Systems, LLC (hereinafter "AmpliVox").

## COMPLAINT

Audio Systems complains and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Audio Systems Group is a Utah Corporation having a principal place of business at 1791 Kirkham Way, Salt Lake City, Utah 84119.

2. Upon information and belief, AmpliVox Sound Systems, LLC is an Illinois limited liability company having a principal place of business at 3995 Commercial Avenue, Northbrook, Illinois 60062.

3. Audio Systems brings this action under the U.S. patent laws of the United States Code, 35 U.S.C. §271, et. al., and under various other Utah state and common law provisions.

4. This Court has diversity jurisdiction over this action under 28 U.S.C. §1332 because Audio Systems and AmpliVox are citizens of different states and the amount in controversy exceeds $75,000.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1332, 1338, and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

7. This Court has general personal jurisdiction over AmpliVox because it has sufficient continuous and systematic contacts with the State of Utah. Moreover, this Court has specific personal jurisdiction over AmpliVox because the acts giving rise to this lawsuit occurred in the State of Utah.

## GENERAL ALLEGATIONS

8. Audio Systems is in the business of inventing, developing, manufacturing, distributing, marketing, and selling multi-purpose, full size, portable podiums.

9. Audio Systems and AmpliVox have had a business relationship since at least as early as April of 2008. Audio Systems has been providing AmpliVox with portable podiums and various accessories and parts for podiums throughout this relationship.

10. During October of 2008, AmpliVox ordered and received approximately sixty-thousand dollars ($60,000.00) worth of podiums and related accessories from Audio Systems. AmpliVox has not paid Audio Systems the full amount remaining for this order.

11. As of the date of this Complaint, AmpliVox owes Audio Systems thirty-one thousand six hundred and thirty-seven dollars and fifteen cents ($31,637.15).

12. Additionally, Audio Systems has requested that AmpliVox return a sample table-top lectern with a computer screen built into the lectern, but AmpliVox has not returned this item of Audio Systems's property.

13. Audio Systems is the owner of U.S. Patent No. 6,092,885 entitled "Multi Purpose, Full Size, Portable Podium" duly and legally issued July 25, 2000 to the inventor Dan James (attached hereto as Exhibit A and hereinafter referred to as "`885 Patent"). Audio Systems owns all rights in the `885 Patent by assignment.

14. Upon information and belief, Amplivox has, without authorization, infringed and continues to infringe one or more claims of the `885 Patent by its manufacture, use, offer for sale and/or sale of certain podiums, including at least the Pinnacle Multimedia Lectern marketed and sold by AmpliVox.

15. Upon information and belief, AmpliVox has, without authorization, actively induced and currently is actively inducing others to infringe one or more claims of the `885 Patent through its sale of certain podiums, including at least the Pinnacle Multimedia Lectern marketed and sold by AmpliVox.

16. Upon information and belief, AmpliVox has, without authorization, contributorily infringed and currently is contributorily infringing the `885 Patent by its offer for sale and

sale of certain podiums, including at least the Pinnacle Multimedia Lectern marketed and sold by AmpliVox.

17. Upon information and belief, AmpliVox was informed by Audio Systems that Audio Systems's products were patented. Therefore, AmpliVox's infringement, inducement of infringement and contributory infringement have been and continue to be willful.

18. As a result of AmpliVox's actions, Audio Systems has suffered and continues to suffer substantial injury, including irreparable injury, that will result in damages to Audio Systems, including loss of sales and profits, which Audio Systems would have made but for the infringing activities of AmpliVox.

19. As such, Audio Systems is entitled to a preliminary and permanent injunction to prevent further infringement of the `885 Patent. Moreover, Audio Systems asserts that it should receive treble damages and attorneys' fees due to the exceptional nature of this case.

20. Audio Systems is the owner of U.S. Patent No. 6,663,200 entitled "Lectern" duly and legally issued December 16, 2003 to the inventor Dan James (attached hereto as Exhibit B and hereinafter referred to as "`200 Patent"). Audio Systems owns all rights in the `200 Patent by assignment.

21. Upon information and belief, AmpliVox has, without authorization, infringed and continues to infringe one or more claims of the `200 Patent by its manufacture, use, offer for sale and/or sale of certain podiums, including at least the Pinnacle Multimedia Lectern marketed and sold by AmpliVox.

22. Upon information and belief, AmpliVox has, without authorization, actively induced and currently is actively inducing others to infringe one or more claims of the `200 Patent

through its sale of certain podiums, including at least the Pinnacle Multimedia Lectern marketed and sold by AmpliVox.

23. Upon information and belief, AmpliVox has, without authorization, contributorily infringed and currently is contributorily infringing the `200 Patent by its offer for sale and sale of certain podiums, including at least the Pinnacle Multimedia Lectern marketed and sold by AmpliVox.

24. Upon information and belief, AmpliVox was informed by Audio Systems that Audio Systems's products were patented. Therefore, AmpliVox's infringement, inducement of infringement and contributory infringement have been and continue to be willful.

25. As a result of AmpliVox's actions, Audio Systems has suffered and continues to suffer substantial injury, including irreparable injury, that will result in damages to Audio Systems, including loss of sales and profits, which Audio Systems would have made but for the infringing activities of AmpliVox.

26. As such, Audio Systems is entitled to a preliminary and permanent injunction to prevent further infringement of the `200 Patent. Moreover, Audio Systems asserts that it should receive treble damages and attorneys' fees due to the exceptional nature of this case.

## FIRST CAUSE OF ACTION

**(Breach of Contract – U.C.C. Art. 2, Utah Common Law)**

27. Audio Systems hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

28. Upon information and belief, Audio Systems and AmpliVox have a contract regarding Audio Systems's delivery of podiums and related accessories to AmpliVox. Audio

Systems has fully performed under this contract. AmpliVox has breached this contract. Audio Systems has suffered damages as a result of AmpliVox's breach of the contract.

29. Upon information and belief, AmpliVox owes to Audio Systems the sum of thirty-one thousand six hundred and thirty-seven dollars and fifteen cents ($31,637.15) in outstanding invoice payments.

## SECOND CAUSE OF ACTION

### (Unjust Enrichment – Utah Common Law)

30. Audio Systems hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

31. Upon information and belief, Audio Systems has delivered to AmpliVox podiums and/or related accessories. AmpliVox has received the podiums and/or related accessories from Audio Systems and has knowledge of the receipt of these products. AmpliVox has retained these products without paying for them.

32. Upon information and belief, AmpliVox has in its possession a table-top lectern with a built-in computer monitor, which AmpliVox uses for example purposes. Audio Systems has requested that this sample, table-top lectern be returned and AmpliVox has not returned it to Audio Systems.

33. As a result, AmpliVox has received a benefit to which it is not entitled and Audio Systems should be compensated accordingly.

## THIRD CAUSE OF ACTION

### (Patent Infringement – 35 U.S.C. §271)

34. Audio Systems hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

35. Upon information and belief, AmpliVox has been and continues to make, use, import, offer to sell and/or sell within the United States products which infringe one or more claims of the `885 Patent, which patent is owned by Audio Systems.

36. Upon information and belief, AmpliVox has been and continues to actively induce others to infringe one or more claims of the `885 Patent, which patent is owned by Audio Systems.

37. Upon information and belief, AmpliVox has been and continues to contributorily infringe one or more claims of the `885 Patent, which patent is owned by Audio Systems.

38. Through these activities, AmpliVox has infringed Audio Systems's patent rights under the Patent Act, 35 U.S.C. §271.

39. Audio Systems has suffered actual damages, including lost profits, as a result of patent infringement by AmpliVox in an amount to be proven at trial.  Additionally, the harm to Audio Systems arising from these acts by AmpliVox is not fully compensable by money damages.  Audio Systems has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by AmpliVox is preliminarily and permanently enjoined.

40. Upon information and belief, AmpliVox was surely familiar with the `885 Patent and AmpliVox's continued unauthorized patent infringement is willful and intentional.  As a result, Audio Systems is further entitled to treble damages and an award of costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

**(Unfair Competition – Utah Code Ann. §13-5a-103 and/or §13-5-14 - Utah Common Law)**

41. Audio Systems hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

42. AmpliVox has engaged in unfair methods of competition by intentionally infringing one or more claims of the `885 Patent.

43. Through these activities, AmpliVox has engaged in unfair competition under Utah Code Ann. §13-5a-103 and/or §13-5-14 and under Utah common law.

44. Audio Systems has suffered actual damages, including lost profits, as a result of patent infringement by AmpliVox in an amount to be proven at trial. Under §13-5a-103, Audio Systems is entitled to its actual damages, costs and attorneys' fees, and punitive damages. Under §13-5-14, Audio Systems is entitled to injunctive relief and the greater of $2,000 or three times the amount of actual damages sustained plus court costs.

## FIFTH CAUSE OF ACTION

**(Patent Infringement – 35 U.S.C. §271)**

45. Audio Systems hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

46. Upon information and belief, AmpliVox has been and continues to make, use, import, offer to sell and/or sell within the United States products which infringe one or more claims of the `200 Patent, which patent is owned by Audio Systems.

47. Upon information and belief, AmpliVox has been and continues to actively induce others to infringe one or more claims of the `200 Patent, which patent is owned by Audio Systems.

48. Upon information and belief, AmpliVox has been and continues to contributorily infringe one or more claims of the `200 Patent, which patent is owned by Audio Systems.

49. Through these activities, AmpliVox has infringed Audio Systems's patent rights under the Patent Act, 35 U.S.C. §271.

50. Audio Systems has suffered actual damages, including lost profits, as a result of patent infringement by AmpliVox in an amount to be proven at trial. Additionally, the harm to Audio Systems arising from these acts by AmpliVox is not fully compensable by money damages. Audio Systems has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by AmpliVox is preliminarily and permanently enjoined.

51. Upon information and belief, AmpliVox was surely familiar with the `200 Patent and AmpliVox's continued unauthorized patent infringement is willful and intentional. As a result, Audio Systems is further entitled to treble damages and an award of costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

**(Unfair Competition – Utah Code Ann. §13-5a-103 and/or §13-5-14 - Utah Common Law)**

52. Audio Systems hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

53. AmpliVox has engaged in unfair methods of competition by intentionally infringing one or more claims of the `200 Patent.

54. Through these activities, AmpliVox has engaged in unfair competition under Utah Code Ann. §13-5a-103 and/or §13-5-14 and under Utah common law.

55. Audio Systems has suffered actual damages, including lost profits, as a result of patent infringement by AmpliVox in an amount to be proven at trial. Under §13-5a-103, Audio Systems is entitled to its actual damages, costs and attorneys' fees, and punitive damages. Under §13-5-14, Audio Systems is entitled to injunctive relief and the greater of $2,000 or three times the amount of actual damages sustained plus court costs.

WHEREFORE, it is respectfully requested that the Court enter a judgment in favor of Audio Systems as follows:

A. That a judgment be entered that AmpliVox owes Audio Systems the sum of thirty-one thousand six hundred and thirty-seven dollars and fifteen cents ($31,637.15) in outstanding invoice payments;

B. That a judgment be entered that AmpliVox has been unjustly enriched and AmpliVox must return to Audio Systems the sample, table-top lectern with a built-in computer monitor or pay to Audio Systems the value of this lectern;

C. That a judgment be entered that AmpliVox has infringed, actively induced others to infringe, and/or contributorily infringed the `885 Patent;

D. That a judgment be entered that AmpliVox has infringed, actively induced others to infringe, and/or contributorily infringed the `200 Patent;

E. That a judgment be entered that AmpliVox has competed unfairly pursuant to Utah Code Ann. §13-5a-103 and s13-5-14 and Utah common law;

F. That AmpliVox, its agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in

        participation with any or all of them, be enjoined and restrained preliminarily during the pendency of this action, and thereafter permanently, from infringing, actively inducing others to infringe, and/or contributorily infringing the `885 Patent or the `200 Patent;

G.    That a judgment be entered that AmpliVox be required to pay over to Audio Systems all damages sustained by Audio Systems due to such patent infringement and that such damages be trebled pursuant to 35 U.S.C. §284 for the willful acts of infringement complained of herein;

H.    That this case be adjudged and decreed exceptional under 35 U.S.C. §285 entitling Audio Systems to an award of its reasonable attorneys' fees and that such reasonable attorneys' fees be awarded;

I.    That Audio Systems be awarded its costs and prejudgment interest on all damages and post-judgment interest until such awards are paid;

J.    That AmpliVox be required to file with the Court within thirty (30) days after entry of final judgment of this case a written statement under oath setting forth the manner in which AmpliVox has complied with the final judgment; and

K.    That Audio Systems be awarded such other and further relief as the Court deems just and equitable.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Audio Systems hereby demands a jury trial on all claims and issues so triable.

DATED this 3rd day of September, 2010.

                Respectfully Submitted:

                */s/ Jed H. Hansen*
                Garron M. Hobson
                Jed H. Hansen
                Jared K. Hill

                THORPE NORTH & WESTERN

                Attorneys for Plaintiff,
                Audio Systems Group